NANCY G. LIPMAN, Plaintiff-Appellant, *v.* THE BOARD OF REVIEW OF THE DEPARTMENT OF LABOR, Defendant-Appellee.

First District (3rd Division)   No. 82—2340

Opinion filed March 30, 1984.

James A. Rooney, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Kathryn A. Spalding, Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Nancy G. Lipman, appeals from the order of the trial court affirming the decision of defendant, Board of Review of the Department of Labor (the Board), in which the Board denied plaintiff's claim for antedated unemployment compensation benefits because the claim was not timely filed. On appeal plaintiff argues that the Board's construction of Regulation 17F of the Division of Unemployment Insurance, Department of Labor, is unreasonable. Alternatively, plaintiff argues that if the Board's construction of Regulation 17F is permissible, then the regulation is unconstitutionally vague and overbroad. We reverse and remand.

On October 8, 1981, plaintiff applied for extended antedation of her unemployment compensation benefits for the period January 11, 1981, through October 3, 1981, based on Regulation 17F of the Division of Unemployment Insurance, Department of Labor. This regulation provides:

"17F Extended Antedation. When an individual files a claim or reports with respect to a week not later than one year after the first day of the week, such claim may be antedated to the first day of the week, or the individual may be deemed to have reported on his report day for the week, as the case may be, in any instance in which failure to file or report at an earlier time is established by the individual to be due to

1. The individual's unawareness of his rights under the Act, or

2. Failure either of the employing unit or of the Division of Unemployment Compensation to discharge its responsibilities or obligations under the Act or the Regulations, or

3. Any act of an employing unit in coercing, warning, or instructing the individual not to pursue his benefit rights, or

4. Circumstances beyond the individual's control, provided that the individual files his claim or reports, as the case may be, either at his first available opportunity after the reason for failure to file or report no longer exists, or not more than fourteen days after the date of such first available opportunity."

Plaintiff's claim was denied by the claims adjudicator on the basis that plaintiff had not filed her claim within the prescribed time limits. The claims adjudicator found that plaintiff's delay in filing her claim was due to her "failure to investigate [her] eligibility status through the usual channels."

Plaintiff applied for reconsideration of the claims adjudicator's determination. A hearing was held at which plaintiff testified that she

had been unemployed from January 11, 1981, to October 1, 1981. Plaintiff stated that she had not sought unemployment compensation benefits immediately after she lost her job because she had been working for the Federal government, and she did not think that Federal employees who lost their jobs were eligible for benefits under the State's unemployment compensation program. Plaintiff further stated that she filed her claim in October after a friend suggested that she might be eligible for State benefits.

The referee upheld the claims adjudicator's determination that plaintiff's application was not timely filed and that such failure was not due to any of the reasons set forth in Regulation 17F. Plaintiff then appealed the referee's decision to the defendant Board, which affirmed the referee's decision. In making its determination the Board stated:

> "It is the claimant's contention that because she believed federal employees could not receive unemployment insurance benefits, she was 'unaware of her rights' as prescribed under Regulation 17F—1, and that she was entitled to have her claim for benefits antedated. However, unawareness of rights under which extended antedation may be granted means unawareness of the existence of an unemployment compensation program, not ignorance as to whether a claimant is eligible to receive benefits. Under the circumstances of this case, the claimant's mistaken belief is not sufficient basis to allow extended antedation of her claim for benefits."

Plaintiff next filed a complaint for administrative review. The Board's decision was affirmed by the circuit court.

Plaintiff's first contention is that the Board's construction of Regulation 17F is unreasonable and violates the public policy embodied in the Unemployment Insurance Act (Ill. Rev. Stat. 1981, ch. 48, par. 300). We agree.

■ The Unemployment Compensation Act (the Act) was enacted pursuant to the State's police powers, and it is to be liberally construed in order to effectuate the legislature's public policy, announced in section 1 of the Act, of protecting against the severe economic consequences resulting from involuntary unemployment. (See *Dienes v. Holland* (1979), 78 Ill. 2d 8, 11, 397 N.E.2d 1358, 1359; *Ross v. Cummins* (1956), 7 Ill. 2d 595, 597, 131 N.E.2d 521, 523.) The Board acknowledges the remedial purpose underlying the Act, but argues that liberal construction of the Act must be applied in light of the requirements imposed by the Act. In this regard, the Board points out that section 500 of the Act (Ill. Rev. Stat. 1981, ch. 48, pars. 420 A

through C) mandates three conditions that must be met before a claimant may collect benefits for any given week. The conditions are: (1) registering for work at and reporting to an employment office; (2) making a claim for benefits and (3) being able to work, being available for work and actively seeking work. The Board contends that "Regulation 17F permits the claimant, in effect, to circumvent the weekly requirements imposed by the legislature to insure the integrity of the Act." Therefore, the Board states, "[it] has permitted such noncompliance only under compelling circumstances. In the case of section 1, such compelling circumstances exist where the individual has no knowledge that he has a right to file for unemployment compensation benefits, not where the individual has failed to file because he didn't think he was eligible."

■■ ■ While the interpretation given by an administrative agency to its rules and regulations is entitled to respectful consideration, an erroneous construction by the agency is not binding. (See *Rosenbaum v. Johnson* (1978), 60 Ill. App. 3d 657, 661, 377 N.E.2d 258, 260; *Heifner v. Board of Education* (1975), 32 Ill. App. 3d 83, 87-88, 335 N.E.2d 600, 603-04.) We believe that the Board's interpretation of Regulation 17F is clearly erroneous. Under the Board's interpretation, the only claimants who could receive benefits under section 1 of Regulation 17F would be those who could show that they were unaware of the Act's existence. Even apart from the fact that virtually no one could qualify under the Board's interpretation since, as counsel for the Board admitted at oral argument, most people are aware of the Act, the Board's interpretation is too narrow in view of the public policy underlying the Act and the plain meaning of the wording of the regulation.

■■■ Section 1 provides that extended antedation may be allowed where the claimant failed to file or report at an earlier time "due to [his] unawareness *of his rights* under the Act." (Emphasis added.) As plaintiff points out, the regulation does not state that extended antedation would only be allowed if the claimant's failure to file or report was "due to his unawareness *of the Act.*" In construing regulations promulgated by an administrative agency, the same rules used in the construction of statutes are applicable. (*May v. Pollution Control Board* (1976), 35 Ill. App. 3d 930, 933, 342 N.E.2d 784, 787.) The supreme court has stated that the language of a statute is to be given its plain and ordinary meaning and that where the intendment of the statute is clear from the language itself, a court will not resort to judicial construction by " ' "reading into a statute exceptions, limitations or conditions which conflict with clearly expressed legislative in-

tent." ' " (*Dienes v. Holland* (1979), 78 Ill. 2d 8, 15, 397 N.E.2d 1358, 1361.) Since the Board's interpretation of Regulation 17F—1 does not comport with the plain meaning of the regulation's terms, the Board's interpretation is clearly erroneous.

■ In addition, we find no merit in the Board's argument that when section 1 is viewed in light of the other three sections of Regulation 17F, it is apparent that Regulation 17F was meant to apply only to those people who did not timely file for benefits due to "compelling circumstances." The plain language of the regulation simply does not support the Board's contention. Nor do we agree with the Board that the decision in *Nendza v. Board of Review* (1982), 105 Ill. App. 3d 437, 434 N.E.2d 470, recognized a "compelling circumstances" requirement as part of Regulation 17F. In *Nendza*, employees of a division of Rockwell International Corporation voted to strike on August 1, 1975. Some of the employees, but not the plaintiffs, filed for benefits under the Unemployment Compensation Act shortly after the strike began. The claims were initially denied by claims adjudicators, but the denial was reversed by the Director of Labor on April 20, 1977. When the plaintiffs learned of the Director's decision, they immediately filed antedated claims for benefits commencing August 2, 1975. The referee, relying on the one-year limitation period under Regulation 17F, denied plaintiffs' claims because they were not timely filed. This decision was affirmed, in turn, by the Board of Review, the circuit court and the appellate court.

We fail to see how the decision in *Nendza* mandates that Regulation 17F be applied only where there are compelling circumstances. Rather, the *Nendza* decision supports the position of the plaintiff here since the implication of the Board's arguments in *Nendza* is that there is a one-year limitation period generally applicable to unemployment compensation claims.

■ Defendant also argues that a broad interpretation of Regulation 17F—1 would permit abuse of the unemployment compensation system because claimants would delay filing for benefits until disqualifying facts have become hidden by the passage of time. We disagree. In Illinois, the receipt of benefits under the Act is a conditional right, and the claimant has the burden of proving his or her eligibility before the Board. (*Yadro v. Bowling* (1980), 91 Ill. App. 3d 889, 892-93, 414 N.E.2d 1244, 1247.) Thus, it is the claimant who will be disadvantaged by any delay in filing a claim.

We therefore conclude that the Board's interpretation of Regulation 17F is erroneous because it is contrary to the plain meaning of the regulation and because it does not foster the remedial purpose of

the Act, which is to aid people who have become involuntarily unemployed.

Accordingly, the order of the circuit court is reversed and this case is remanded for further proceedings consistent with this opinion. In view of our decision, we need not address the constitutional argument raised by plaintiff.

Reversed and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.