STEPHEN J. DUNN, Plaintiff-Appellant, v. DIRECTOR, DEPARTMENT OF LABOR, *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 84—1377

Opinion filed February 5, 1985.

William R. Dunn, of Oak Lawn, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Patricia Rosen, Assistant Attorney General, of Chicago, of counsel), for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Stephen J. Dunn, brought this action seeking administrative review of a decision of the Illinois Department of Labor Board of Review (Board). The Board found pursuant to section 601(A) of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 431(A)) that plaintiff was ineligible for unemployment insurance benefits because he had voluntarily left his job without good cause attributable to the employer. The circuit court affirmed the Board's determination, and plaintiff appeals contending that the decision was contrary to the manifest weight of the evidence.

Plaintiff was employed for three years as a retail clerk by the Deobien Corporation (employer) at a wage of $5.25 per hour. On Friday, July 8, 1983, he left the following note for his employer:

"Dear Mr. Tobin:

All things considered, starting Monday July 11, I must have $7.60 an hour, or please send my pink-slip with Larry.

(Signed) Stephen Dunn."

Plaintiff failed to report to work on Monday, July 11, 1983, and did not notify his employer of the reason for his absence. On that same day, the employer sent plaintiff a letter, stating in part: "By your demand for a 46% increase in pay and your threat to quit signed by you, you are considered to have self-terminated yourself from employment ***." Later that evening, plaintiff called the employer and asked whether his claim for unemployment insurance benefits would

be contested. The company manager, Glen Tobin, informed him that the claim would be contested. On Tuesday, July 12, 1983, plaintiff reported for work, but was escorted from the premises by a security guard pursuant to the employer's orders.

Plaintiff's claim for benefits was denied by a claims adjuster on the ground that he had left work voluntarily without good cause attributable to the employer. A hearing before a referee was conducted, and plaintiff admitted writing the above-quoted note to his employer. He testified, however, that he did not intend to quit his job and that he failed to report to work on Monday, July 11, 1983, because he was ill. He did not inform the employer of his illness because he had just moved into a new apartment and had no telephone service. The referee affirmed the denial of benefits, and plaintiff appealed to the Board. Finding sufficient evidence to support the referee's decision, the Board affirmed the denial of benefits, and plaintiff filed a complaint for administrative review.

At a hearing in the trial court, plaintiff interpreted his note as meaning that the employer could either give him a 46% raise or discharge him and let him collect unemployment benefits while he looked for another job. The Board took the position that plaintiff's note manifested an intent not to continue in an employer-employee relationship and thus constituted a voluntary leaving. At the conclusion of the hearing, the trial court found sufficient evidence to support the Board's determination that plaintiff had voluntarily left his employment.

On appeal, plaintiff contends that the trial court erred in finding that the Board's action in denying him benefits was supported by the manifest weight of the evidence.

The purpose of the Illinois Unemployment Insurance Act is to provide benefits to workers coming within its provisions, for unemployment not occasioned with their consent or brought about by their fault. (*Grobe v. Board of Review* (1951), 409 Ill. 576, 101 N.E.2d 95.) In furtherance of this purpose, section 601(A) of the Act provides that a person is ineligible for benefits if he voluntarily leaves his job without good cause attributable to the employer. (Ill. Rev. Stat. 1983, ch. 48, par. 431(A).) It has been recently held that dissatisfaction with wages does not constitute "good cause" for purposes of entitlement to unemployment compensation. (*Minfield v. Bernardi* (1984), 122 Ill. App. 3d 97, 460 N.E.2d 766.) It is the function of an administrative agency to decide questions of fact, resolve conflicts in testimony and determine the credibility of the witnesses (*Peterson v. Board of Trustees* (1973), 54 Ill. 2d 260, 296

N.E.2d 721), and its findings on such matters are considered to be *prima facie* correct (*Dunaway v. Department of Labor* (1982), 109 Ill. App. 3d 63, 440 N.E.2d 231). Unless the Board's decision is not substantially supported by the evidence or is clearly wrong, a reviewing court may not substitute its judgment for that of the Board even though it would have drawn other inferences from the evidence. *Zions v. Police Board* (1978), 67 Ill. App. 3d 680, 385 N.E.2d 51.

In the case at bar, the Board was called upon to determine whether plaintiff's note, which stated: "I must have $7.60 an hour or please send my pink-slip with Larry" showed an intent to voluntarily discontinue the employer-employee relationship. In addition to the note, the Board was aware that plaintiff did not report to work on the following workday and did not notify the employer of the reason for his absence. It was only after plaintiff called the employer and learned that his claim for benefits would be contested that he attempted to report for work. Plaintiff interpreted his note as meaning that the employer should either give him a raise or discharge and allow him to collect unemployment benefits until he found a new job.

As previously discussed, the purpose of the Act is to aid workers who are unemployed through no fault of their own. The Board and the trial court both interpreted plaintiff's words and actions as manifesting a desire to voluntarily discontinue his employment. We are not persuaded by plaintiff's argument that the term "pink-slip," which ordinarily means discharge by the employer, is dispositive of the issue of his intent. Rather, such intent is to be garnered from the totality of the evidence presented. In our judgment, the Board's determination that plaintiff voluntarily left his employment without good cause attributable to the employer is not against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

PERLIN and HARTMAN, JJ., concur.