JOHN JONES, Plaintiff-Appellee, v. BOARD OF REVIEW OF THE DE-PARTMENT OF LABOR, Defendant-Appellant (Du Page Community High School District No. 88, Defendant).

Second District   No. 84—0519

Opinion filed August 30, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and James P. Nally, Assistant Attorney General, both of Chicago, of counsel), for appellant.

Jerry Brask, of Prairie State Legal Services, of Wheaton, and William R. Rath, of LaGrange, for appellee.

JUSTICE STROUSE delivered the opinion of the court:

Defendant, Board of Review of the Department of Labor, appeals the trial court's reversal of the Board of Review's decision which found plaintiff, John Jones, ineligible for unemployment compensation benefits because of his voluntary termination without good cause. Plaintiff argues that he left with good cause because of unreasonable changes in his employment imposed by his employer.

Jones had been a carpenter for 35 years when he responded to a newspaper advertisement for a carpenter/cabinetmaker for Du Page Community High School District No. 88. He was asked at his interview whether he could build cabinets. He was hired by the school district and was so employed from July 10, 1979, through January 14, 1982. During the last three or four months of working for the school district, Jones was assigned to many tasks which were not carpentry-related, such as electrical wiring, unloading trucks, repairing locks, removing a squirrel cage from a vent, looking for a lost cassette recorder, and knocking down a cement block wall. Jones complained to his immediate supervisor and to his foreman who told him he had to do the assigned work. Jones complained of "poor supervision" and "confusion," which he identified as the reasons for quitting in his resignation letter. Jones testified about work which he felt wasted money and involved duplicative efforts. In October 1981, a new carpenter was hired for the second shift (although Jones had asked to be assigned to that shift), and most of the carpentry-related tasks were delegated to the second shift.

Defendant claims that Jones was hired as a carpenter/maintenance person. The school district's assistant business manager testified that Jones was hired as a carpenter/maintenance person, although he was not sure if Jones knew this, since Jones had been hired by the previous assistant business manager. No job description for Jones' position was presented into evidence.

Section 601A of the Unemployment Insurance Act provides, in relevant part, that a claimant "shall be ineligible for benefits for the week in which he has left work voluntarily without good cause attributable to the employing unit ***." (Ill. Rev. Stat. 1983, ch. 48, par.

431A.) The statute, however, does not define "good cause." The term "good cause" as used in section 601A of the Unemployment Insurance Act has been construed in the recent case of *Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094. *Burke*, however, was not concerned with a change in work conditions. Accord, *Hamilton v. Board of Review* (1985), 136 Ill. App. 3d 50, 54.

This court has determined that Pennsylvania's unemployment compensation statute is similar to the Illinois enactment and has relied upon Pennsylvania jurisprudence in adjudicating cases concerning "voluntary leaving" under section 601A. See, *e.g.*, *Minfield v. Bernardi* (1984), 122 Ill. App. 3d 97, 102-03; *Keystone Steel & Wire Division v. Department of Labor* (1976), 37 Ill. App. 3d 704, 706-08.

■ A substantial and unilateral change in the employment may render the employment unsuitable so that good cause for voluntary termination is established. *Davis v. Board of Review* (1984), 125 Ill. App. 3d 67, 72; see *National Aluminum Corp. v. Commonwealth* (1981), 59 Pa. Commw. 359, 361, 429 A.2d 1259, 1260 (the gradual replacement of secretarial duties by clerical duties constituted substantial and unilateral change); *Krzyston v. Industrial Com.* (1977), 52 Ohio App. 2d 109, 111, 368 N.E.2d 74, 75-76 (secretary was given additional duties beyond her capacity); *Kistler v. Pennsylvania Unemployment Compensation Board of Review* (1980), 52 Pa. Commw. 465, 469-70, 416 A.2d 594, 597 (presumption of suitability of work conditions which arises upon acceptance of employment can be overcome by change in the initial working conditions).

■ Over a three- to four-month period, Jones' employment was substantially and unilaterally changed over his objections by the assignment of noncarpentry duties. Jones was a carpenter/cabinetmaker: he responded to an advertisement for a carpenter/cabinetmaker, he was not informed of maintenance or skilled noncarpentry duties at his hiring, and for over two years he was assigned only carpentry/cabinetmaker duties. It cannot now be maintained that the identification of the job as carpenter/maintenance person at the time of hiring mandates the conclusion that the sudden introduction of other duties three years later is not a substantial change in employment. These new duties were not reasonable modifications in Jones' employment. Although defendant asserts that the duties complained of were temporary, discrete and isolated, a pattern of assigning noncarpentry/cabinetmaker's duties was established.

■ Jones testified that his foreman was not satisfied with Jones' work on one noncarpentry project (knocking down the wall), and that he was assigned duties of other skilled trades. The pressure on an em-

ployee resulting from being assigned duties beyond his capacities has been found to be good cause. See *Davis v. Board of Review* (1984), 125 Ill. App. 3d 67, 73.

■ An employee should make reasonable efforts to resolve the conflicts arising from the employment. (125 Ill. App. 3d 67, 73.) At the same time, an employee who agrees to remain where working conditions have changed cannot later claim the change as good cause for leaving. (See *Jones v. Review Board* (Ind. App. 1980), 399 N.E.2d 844, 845; see also *Romao v. Pennsylvania Unemployment Compensation Board of Review* (1982), 66 Pa. Commw. 212, 214, 443 A.2d 1217, 1218 (once employee accepts new employment terms, his later dissatisfaction will not constitute good cause).) Jones' complaint to his supervisor and foreman about the noncarpentry duties was a reasonable effort to correct the problem. There was no need for Jones to repeat his complaint, because he had been informed that he had to complete the assigned duties. Jones cannot be said to have accepted the substantial changes in his working conditions.

The trial court's decision reversing the Board of Review is affirmed, because the trial court could properly have found that the Board's determination was contrary to the manifest weight of the evidence.

Affirmed.

NASH, P.J., and SCHNAKE, J., concur.