NORMAN POPOFF, Plaintiff-Appellant, v. THE DEPARTMENT OF LABOR et al., Defendants-Appellees.

Second District   No. 85—0741

Opinion filed June 26, 1986.

Norman Popoff, of Waukegan, for appellant, *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and Patricia Rosen, Assistant Attorneys General, of Chicago, of counsel), for appellees.

JUSTICE SCHNAKE delivered the opinion of the court:

Plaintiff, Norman Popoff, appeals *pro se* from an order of the circuit court of Lake County affirming the administrative decision of the defendant, the Board of Review, which affirmed the referee's conclusion that the plaintiff was ineligible to receive unemployment insurance benefits under the provisions of section 601A of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 431A) because he left work voluntarily without good cause attributable to his employer. On appeal, plaintiff raises only one assignment of error: that the trial court's decision that he left work without good cause attributable to his employer was against the manifest weight of the evidence. For the reasons set forth below, the judgment of the circuit court is affirmed.

It is axiomatic that an administrative agency's findings concerning factual questions are *prima facie* true and correct and should

not be disturbed on review unless they are contrary to the manifest weight of the evidence. (Ill. Rev. Stat. 1983, ch. 110, par. 3—110; *Garland v. Department of Labor* (1984), 104 Ill. 2d 383, 392; *Gregory v. Bernardi* (1984), 125 Ill. App. 3d 376, 381; *Crocker v. Department of Labor* (1984), 121 Ill. App. 3d 185, 189.) Thus, the court's function in an unemployment-insurance case is limited to determining whether the Board of Review's findings at the administrative hearing are against the manifest weight of the evidence. (*Gregory v. Bernardi* (1984), 125 Ill. App. 3d 376, 381; *Griffitts Construction Co. v. Department of Labor* (1979), 76 Ill. 2d 99, 104.) The court will not reweigh the evidence adduced at the hearing or substitute its judgment for that of the agency unless the Board's findings are without substantial support in the record. (*Gregory v. Bernardi* (1984), 125 Ill. App. 3d 376, 381; *Thompson v. Board of Review* (1983), 120 Ill. App. 3d 1, 4; see *James v. Department of Labor* (1983), 119 Ill. App. 3d 524, 527.) Where such an administrative order is against the manifest weight of the evidence or where an agency has acted arbitrarily or capriciously and, therefore, abused its discretion, a court should not hesitate to intervene. *Southern Illinois Asphalt Co. v. Pollution Control Board* (1975), 60 Ill. 2d 204, 207.

■ The primary purpose of the Unemployment Insurance Act (Ill. Rev. Stat. 1983, ch. 48, par. 300 *et seq.*) is to provide compensation benefits to unemployed individuals to alleviate their economic distress that was caused by involuntary unemployment. (*Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 452, *appeal dismissed* (1970), 400 U.S. 935, 27 L. Ed. 2d 242, 91 S. Ct. 252; *Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 1099; *Clark v. Board of Review* (1984), 126 Ill. App. 3d 559, 561; *Lipman v. Board of Review* (1984), 123 Ill. App. 3d 176, 179.) The Act was not intended to benefit those who are unemployed on account of their own misdeeds. (*Granite City Steel Division of National Steel Corp. v. Board of Review* (1979), 68 Ill. App. 3d 264, 269.) Thus, the receipt of unemployment-insurance benefits in this State is a conditional right, and a claimant bears the burden of establishing eligibility before the agency. (*Clark v. Board of Review* (1984), 126 Ill. App. 3d 559, 561; *Lipman v. Board of Review* (1984), 123 Ill. App. 3d 176, 181; *Crocker v. Department of Labor* (1984), 121 Ill. App. 3d 185, 188; *Thompson v. Board of Review* (1983), 120 Ill. App. 3d 1, 7, (Nash, J., dissenting); *James v. Department of Labor* (1983), 119 Ill. App. 3d 524, 527.) In order to be eligible for benefits, a claimant must satisfy the terms and conditions the Act prescribes. (*Clark v. Board of Review* (1984), 126 Ill. App. 3d 559, 561.) The Act must be construed liberally for the benefit of unemployed workers. *Davis v.*

*Board of Review* (1984), 125 Ill. App. 3d 67, 72; *Jackson v. Board of Review* (1984), 121 Ill. App. 3d 963, 967, *rev'd on other grounds* (1985), 105 Ill. 2d 501; *Garland v. Department of Labor* (1984), 121 Ill. App. 3d 562, 564, *aff'd* (1984), 104 Ill. 2d 383.

■ Section 601A of the Act provides, in relevant part, that a claimant, "shall be ineligible for benefits for the week in which he [or she] has left work voluntarily without good cause attributable to the employing unit." (Ill. Rev. Stat. 1983, ch. 48, par. 431A.) The statute, however, does not define "good cause." This court has determined that Pennsylvania's unemployment statute is similar to the Illinois enactment and has relied upon Pennsylvania jurisprudence in adjudicating "voluntarily leaving" under section 601A. (See, *e.g.*, *Jones v. Board of Review* (1985), 136 Ill. App. 3d 64, 66; *Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 1100-01; *Minfield v. Bernardi* (1984), 122 Ill. App. 3d 97, 102.) Although a unilateral change in employment may render the employment unsuitable so that good cause for voluntary termination is established (*Jones v. Board of Review* (1985), 136 Ill. App. 3d 64, 66 (and cases cited therein); *Davis v. Board of Review* (1984), 125 Ill. App. 3d 67, 72), generally, the dissatisfaction with the number of working hours does not constitute good cause to leave employment. *Minfield v. Bernardi* (1984), 122 Ill. App. 3d 97, 102-03; see *Hamilton v. Board of Review* (1985), 136 Ill. App. 3d 50, 55-56.

The record in the present case reveals that plaintiff began working for defendant, Navy Exchange, as a part-time janitor on September 30, 1982. All part-time workers were expected to work various hours on various days of the week, totalling 20 to 34 hours per week. Initially, plaintiff worked five days per week from 9 a.m. to 3 p.m. His second assignment was to work from 5 a.m. to 11 a.m. five days per week. As the early morning hours precluded him from helping his wife take care of his elderly and sickly father, plaintiff took a leave of absence without pay.

On July 30, 1983, the Navy Exchange rehired plaintiff to work part-time, specifically, five days per week from 1:30 p.m. to 6:30 p.m. The next day, he was reassigned to work six days per week, including Sundays. Plaintiff immediately quit.

Plaintiff contends that the prior reviewers of his case applied an improper legal standard in determining that he voluntarily left his work without good cause. Specifically, he claims that section 601B of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 431B) is applicable because he left work upon the advice of his father's physician for the purpose of caring for his father who was in poor physical health.

In his application for unemployment-insurance benefits, plaintiff indicated that he could not apply for reemployment with Navy Exchange because he would not work enough hours and because he was forced to work Sundays. These reasons are repeated throughout the record on appeal. In particular, the following colloquy occurred at the proceedings before the hearings referee on September 26, 1983:

"Q. Why are you unable to work on Suday [sic]? You don't like to?

A. No, it wasn't the idea of working Sunday, if they would give me an additional day off during the week. When I hired on I wanted only five days a week.

Q. Okay, I understand. In other words, you didn't want to work six days.

A. I didn't want to work six days a week because no other janitor works, why did they pick on me to work six days."

Plaintiff did raise in his application for reconsideration of the claims adjudicator's determination and did testify at the proceedings before the hearings referee that his objection to his work schedule also was related to his need to care, at all hours of the day and night, for his elderly father, who was living with him and his wife after being released from long-term hospitalization and nursing care. However, no additional supporting evidence about the requirements of his father's care was presented to the referee. The note and the letter contained in the record on appeal that were written by the father's doctor, attesting to the need for plaintiff to share in the care of his father and the inability of the plaintiff to maintain a six-day work week, were not written until January 10, 1984, and June 7, 1985, respectively.

■ Section 3—110 of the Code of Civil Procedure provides that, on administrative review, "[n]o new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court." (Ill. Rev. Stat. 1983, ch. 110, par. 3—110.) During an administrative proceeding, the circuit court is confined to the consideration of the evidence submitted during the administrative hearing and may not entertain additional evidence or conduct a hearing *de novo*. (*E.g.*, *Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 1098.) Since the exhibits here were not offered into evidence before the administrative agency, neither the trial court nor this court may consider them.

■ All of the evidence properly presented on review indicates that the plaintiff's assigned working hours were reasonable in light of the original hiring agreement and that the plaintiff left his job be-

cause he was unsatisfied with the number of hours and with having to work Sundays. Therefore, we conclude that the circuit court's affirmance of the referee's and Board of Review's findings that the plaintiff was ineligible to receive employment-insurance benefits because he left work voluntarily without good cause attributable to his employer is not against the manifest weight of the evidence.

In accordance with the view expressed above, the judgment of the circuit court is affirmed.

Affirmed.

NASH, P.J., and REINHARD, J., concur.