IRENE COLLIER, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 86—1397

Opinion filed July 14, 1987, *nunc pro tunc* May 19, 1987.—Rehearing denied June 16, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, of Chicago, of counsel), for appellants.

Nelson A. Brown, Jeffrey B. Gilbert, and Jeannette P. Tamayo, all of Legal Assistance Foundation of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Defendant, Illinois Department of Employment Security, appeals from an order of the circuit court of Cook County which reversed its decision that plaintiff, Irene Collier, was ineligible for unemployment compensation benefits because she voluntarily terminated her employment without good cause. In this appeal, defendant contends that the denial of benefits was supported by the manifest weight of the evidence and that the circuit court's order to the contrary should be reversed.

The record shows that plaintiff was employed as an assembler by J. B. Electronic Transformers, Inc., from November 1981 until September 30, 1983. From the inception of her employment until three weeks before her departure, plaintiff worked an eight-hour shift, five days per week, and earned at the hourly rate of $3.95. Because of a business slowdown, the company reduced plaintiff's work to 30 hours per week, and on September 26, 1983, plaintiff informed her supervisor that she would leave at the end of the month if her hours were not increased. Her supervisor told her that they did not have enough work to reinstate her to full time, and although he could not specifically tell her when her hours would be restored, he estimated that it would be within three to four weeks.

Plaintiff terminated her employment with the company at the end of September and applied for benefits under the Illinois Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 300 et seq.). The claims adjudicator denied her request and she appealed that decision to the referee. At the hearing which was held in November 1983, plaintiff was represented by counsel and there testified to the curtail-

ment of her hours during the business slowdown and her request for reinstatement to full-time status. Her supervisor told her that the company was not yet ready to increase her hours and that he was not sure of when she would be returned to full-time work; he also advised her to look for another job. Plaintiff stated that she had been looking for full-time factory work without success before she left and did not have another job when she terminated her employment. A week after she left she learned that other employees, who also had been subjected to the work reduction, had been put back on a full-time schedule.

The referee affirmed the determination of the claims adjudicator that plaintiff was disqualified for benefits under the Act because she left her employment without good cause attributable to the employer. This decision was confirmed by defendant on March 5, 1984, and plaintiff sought administrative review. (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 et seq.) The record shows that the circuit court remanded the matter to defendant for a determination of the conditions and circumstances surrounding the employment agreement between plaintiff and the employer, including a determination of whether or not there was a contract guarantee as to hours and the economic circumstances surrounding plaintiff's decision to leave her job. In accordance with that order, defendant vacated its decision of March 5, 1984, and remanded the cause to the referee for further proceedings.

At the hearing which followed on March 20, 1985, plaintiff testified that when she was hired there was no particular agreement as to the number of hours she would work, but that she did work full time until the cutback went into effect three weeks before she left. After her hours were reduced, she requested that they be restored, but she was told by her supervisor that the work was slow and that the company was not ready to place her back on a 40-hour schedule. She did not tell her supervisor that she was going to leave at first, and began looking for another job in the afternoon hours when her daily shift was completed. She eventually told her supervisor that she would quit and look for a better job if her hours were not restored, and he agreed that she should seek other work. At that time, plaintiff also asked her supervisor about the possibility of receiving partial unemployment insurance benefits, but he told her that she would not be eligible and she did not make any further inquiries into the matter. As to her economic condition, plaintiff testified that with the reduced hours she was "making out," but could not meet all of her expenses and had to take her children out of private school. She also stated that she had not returned to work as of that date and was on public assistance. She concluded her testimony by saying that she took a chance when she quit her job in

order to find a better one.

At the close of evidence, plaintiff's counsel argued that when plaintiff's hours were reduced 25%, her income was reduced accordingly, and that she had made a reasonable attempt to correct the situation at work before leaving to find a better job. He maintained that the unilateral change in her working conditions was caused by the employer, and that plaintiff should be found eligible for benefits.

The referee concluded that plaintiff left voluntarily without good cause attributable to the employer, and was thus disqualified for benefits under the Act. In doing so, the referee concluded that the reduced hours allowed plaintiff an opportunity to look for other work in the afternoon, and although her desire to look for work on a full-time basis was understandable, it did not constitute good cause for leaving existing, suitable work due to a temporary reduction in hours. The referee also found that plaintiff had not established that the employer had violated any provision of the hiring agreement, or had taken any other action which rendered continued employment unsuitable.

On appeal, defendant affirmed the decision of the referee noting that plaintiff could have filed a claim for benefits if her wages were less than her weekly benefit amount and, further, that the evidence did not establish that her opportunities for alternate work were materially reduced because she was limited to seeking work during afternoon hours because of her morning work schedule.

Once again, plaintiff sought administrative review of defendant's decision and after a hearing on April 30, 1986, the circuit court entered an order reversing defendant's determination. The court found that plaintiff was hired for full-time work, that she labored in that capacity for two years and that the employer's decision to reduce her hours by 25% was a unilateral and substantial change in her conditions of employment which translated into a 25% reduction in wages which made it difficult for her to live. The court also found that plaintiff attempted to remedy the situation with her employer and sought other work while she was still employed, but when her efforts proved futile, she concluded that she would have a better chance if she were free in the morning. Defendant now appeals from that order.

■ Initially, we note that the primary purpose of the Act is to relieve economic distress caused by involuntary unemployment. (*Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 259 N.E.2d 257.) The receipt of unemployment insurance benefits in Illinois is a conditional right, however, and the burden of proving eligibility rests with the claimant. (*Eddings v. Illinois Department of Labor* (1986), 146 Ill. App. 3d 62, 496 N.E.2d 1167.) The Act does not bar compensation in

all cases in which unemployment is due to a voluntary act of the employee (*Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 259 N.E.2d 257), and it is clear that the Act is to be liberally construed for the benefit of unemployed workers. However, in order to be eligible, a claimant must meet the terms and other conditions prescribed by the Act. *Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 477 N.E.2d 1351.

▆ In the instant case, defendant determined that plaintiff had not met that burden, that she had voluntarily left her employment without good cause attributable to her employer, and that she was therefore subject to the disqualifications set forth in section 601(A) of the Act. That section provides in relevant part that:

> "An individual shall be ineligible for benefits for the week in which he [or she] has left work voluntarily without good cause attributable to the employing unit ***." (Ill. Rev. Stat. 1983, ch. 48, par. 431(A).)

The statute does not define "good cause," and as a result, Illinois reviewing courts, having determined that Pennsylvania's unemployment statute is similar to the Illinois enactment, have relied upon Pennsylvania jurisprudence in adjudicating "voluntary leaving" under this section of the Act. (See *Popoff v. Department of Labor* (1986), 144 Ill. App. 3d 575, 494 N.E.2d 1266.) In *Taylor v. Unemployment Compensation Board of Review* (1977), 474 Pa. 351, 358-59, 378 A.2d 829, 832-33, for example, the court stated that " 'good cause' for voluntarily leaving one's employment (*i.e.*, that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." Accordingly, it has been found that a substantial and unilateral change in employment may render the employment unsuitable so that good cause for voluntary termination is established. (*Jones v. Board of Review of the Department of Labor* (1985), 136 Ill. App. 3d 64, 482 N.E.2d 1131 (and cases cited therein).) However, neither dissatisfaction with the number of hours (see, *e.g., Hamilton v. Board of Review of the Department of Labor* (1985), 136 Ill. App. 3d 50, 482 N.E.2d 1126), nor wages, generally constitutes good cause to leave employment for purposes of entitlement to unemployment compensation. See *Dunn v. Director, Department of Labor* (1985), 131 Ill. App. 3d 171, 476 N.E.2d 77.

In the case at bar, defendant concluded, on the evidence presented, that plaintiff had left her employment voluntarily without good cause attributable to the employer and was subject to the disqualification of benefits under section 601(A) of the Act. In arriving at this conclusion,

the defendant determined that the evidence did not show any existing agreement between the plaintiff and the employer as to the number of hours plaintiff would be assigned per week, nor that the reduction so materially varied her conditions of work from prior conditions as to render the work unsuitable. Defendant also concluded that the evidence did not establish that plaintiff's opportunities for alternate work were materially reduced because she was limited to seeking new employment during afternoon hours as a result of her morning schedule. In addition, defendant pointed out that if her wages became less than her weekly benefit amount, she could have filed a claim for partial benefits; and, further, noted that plaintiff's domestic finances were not a factor which could be deemed attributable to the employer.

In reviewing defendant's decision, the circuit court determined that there was an employment agreement to the effect that plaintiff would be hired for full-time work, and that the 25% reduction in her hours was a unilateral and substantial change in her condition of employment which translated into a 25% reduction in pay and that she was entitled to unemployment benefits. The court also determined that the reduction in hours and income made it difficult for her to live and that she had a better chance of obtaining full-time work if she were free to seek it in the morning hours.

■ It is well settled that an administrative review of an agency's decision is limited to consideration of the record on appeal to ascertain whether the action of the agency is supported by the evidence in that record. (*Clark v. Board of Review of the Illinois Department of Labor* (1984), 126 Ill. App. 3d 559, 467 N.E.2d 950; see also *Ted Sharpenter, Inc. v. Illinois Liquor Control Com.* (1986), 148 Ill. App. 3d 936, 499 N.E.2d 699.) To the extent that good cause is a factual issue the agency's determination is *prima facie* true and correct and should not be disturbed on review unless the findings are against the manifest weight of the evidence. (Ill. Rev. Stat. 1983, ch. 110, par. 3—110; *Crocker v. Department of Labor* (1984), 121 Ill. App. 3d 185, 459 N.E.2d 332.) A court of review may not reweigh the evidence or substitute its own judgment for that of the agency unless there is a lack of substantial evidence in the record to support that finding. *Clark v. Board of Review of the Illinois Department of Labor* (1984), 126 Ill. App. 3d 559, 467 N.E.2d 950.

■ Applying these principles to the case at bar, we find that defendant's denial of benefits was amply supported by the record, and that the circuit court erred in overturning that decision. Plaintiff herself testified that there was no formal employment agreement between the parties for a 40-hour work week, but that she did work full time

from the time she started until three weeks before she left. At that time, her employer temporarily reduced plaintiff's hours to 30 per week because of a business decline, and plaintiff testified that this was the first time such action had been taken during her tenure there. Before her departure plaintiff's supervisor could not ascertain with certainty when the cutback in hours would end, but plaintiff later learned that the affected workers were restored to full-time status a week after she left.

Our examination of the record leads us to conclude that defendant did not sustain her burden of establishing her eligibility for benefits. There was no evidence that plaintiff's duties had changed in any manner during this reduction in hours which would support a finding of a unilateral change in employment conditions due to the employer. (*Cf., e.g., Jones v. Board of Review of the Department of Labor* (1985), 136 Ill. App. 3d 64, 482 N.E.2d 1131; *Davis v. Board of Review* (1984), 125 Ill. App. 3d 67, 465 N.E.2d 576.) In both her application for benefits and in her testimony plaintiff cited her dissatisfaction with the 30-hour week, her desire to look for full-time work at a time of the day which she considered to be more advantageous, and her financial situation, particularly citing private school tuition for her children, as reasons for leaving.

■ It is well settled that the mere possibility of obtaining another job is an insufficient basis upon which to demonstrate the existence of good cause to terminate employment. (*Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 477 N.E.2d 1351.) Plaintiff, in the case before us, admittedly did not have any job prospects before terminating her employment, and stated that when she left she just "took a chance" that she would find suitable work. At the hearing she stated that her experience led her to believe that companies hire in the morning hours when she was unavailable; however, as found by defendant, there was nothing in the record to support this contention, and the record shows that she remained unemployed for 1½ years after her departure. We are thus not inclined to disturb defendant's finding on this matter. We also concur in defendant's assessment that plaintiff's domestic finances were not a factor which could be deemed attributable to the employer. See *Jones v. Department of Labor* (1986), 140 Ill. App. 3d 699, 489 N.E.2d 325 (domestic and transportation concerns were not attributable to the employer).

■ It is plainly apparent that plaintiff was dissatisfied with the reduction in her hours of employment. However, as already noted, dissatisfaction with the number of working hours does not constitute good cause for leaving employment for purposes of the Act (see *Min-*

*field v. Bernardi* (1984), 122 Ill. App. 3d 97, 460 N.E.2d 766 (and cases cited therein)), and the same holds true for dissatisfaction with wages. (See *Dunn v. Director, Department of Labor* (1985), 131 Ill. App. 3d 171, 476 N.E.2d 77.) Insofar as plaintiff's reduced hours diminished her salary and may be considered as a reduction in pay, "good cause" for this reason has been held dependent upon the attendant circumstances. (*Davis v. Board of Review* (1984), 125 Ill. App. 3d 67, 465 N.E.2d 576; *Keystone Steel & Wire Division, Keystone Consolidated Industries v. Department of Labor* (1976), 37 Ill. App. 3d 704, 346 N.E.2d 399.) Those evident on this record show that there was no change in plaintiff's hourly rate of pay, and that employee work hours were reduced because of a business slowdown. See *Jones v. Department of Labor* (1986), 140 Ill. App. 3d 699, 489 N.E.2d 325.

Although it is clear that plaintiff attempted to ameliorate the situation by requesting that her work hours be increased, and thereby demonstrated good faith and a lack of acquiescence in the situation (see *Jones v. Board of Review of the Department of Labor* (1985), 136 Ill. App. 3d 64, 482 N.E.2d 1131), the record also shows that she delivered her ultimatum just two weeks after the reduction took place, and left one week later without any employment prospects. Under these circumstances, we do not believe that she established a showing of good cause (see *Minfield v. Bernardi* (1984), 122 Ill. App. 3d 97, 460 N.E.2d 766 (and cases cited therein)), which would entitle her to relief under the Act. *Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 477 N.E.2d 1351; see also *Popoff v. Department of Labor* (1986), 144 Ill. App. 3d 575, 494 N.E.2d 1266.

Since we have concluded that the findings and decisions of defendant are not contrary to the manifest weight of the evidence (*Doran v. Department of Labor* (1983), 116 Ill. App. 3d 471, 452 N.E.2d 118), we hold that the circuit court erred when it reversed defendant's determination that plaintiff was ineligible for benefits under section 601(A) of the Act. *Hamilton v. Board of Review of the Department of Labor* (1985), 136 Ill. App. 3d 50, 482 N.E.2d 1126; see also *Popoff v. Department of Labor* (1986), 144 Ill. App. 3d 575, 494 N.E.2d 1266.

Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

SCARIANO, P.J., and HARTMAN, J., concur.