RAYMOND BELLAN, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants.

Fourth District   No. 4—86—0901

Opinion filed November 12, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Eddie Santiago, Assistant Attorney General, of Chicago, of counsel), for appellants.

John R. Porter, Jr., of Prairie State Legal Services, Inc., of Bloomington, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

In June of 1985, plaintiff, Raymond Bellan, filed a claim for unemployment insurance benefits with defendant, the Illinois Department of Employment Security (the Department). He initially was denied eligibility, thereby causing plaintiff to file an appeal. During the pendency of his appeal, plaintiff did not file with or receive from the Department any claim certification forms for benefits. Plaintiff mistakenly believed he did not receive the forms because he had been found ineligible. He therefore did not file any certificates for benefits during this period although he continued his work search.

In September of 1985, plaintiff was notified that the disqualifica-

tion decision had been reversed. He went to one of the Department's offices and filed certificates for the period of June 28, 1985, through September 24, 1985. The claims adjudicator determined, however, that plaintiff was ineligible for this time period, even though his work search was deemed more than adequate, because of the late filing of the forms. The forms were to have been filed every two weeks regardless of a pending appeal. Both a hearing referee and the Department's Board of Review affirmed the adjudicator's determination that plaintiff's failure to timely file the forms was inexcusable. The circuit court of McLean County disagreed and reversed the decision of the Board of Review. The court found that under the circumstances of the case, the agency erred in refusing to process plaintiff's claim certificates and in refusing to pay him benefits for the period of June 23 to September 14, 1985. The Board of Review now appeals from the circuit court's decision. We affirm.

■■■ The Unemployment Insurance Act (Ill. Rev. Stat. 1985, ch. 48, par. 300 *et seq.*) was enacted to provide compensation benefits to unemployed individuals in order to protect against severe economic consequences resulting from involuntary unemployment. (*E.g.*, *Popoff v. Department of Labor* (1986), 144 Ill. App. 3d 575, 577, 494 N.E.2d 1266, 1267; *Lipman v. Board of Review* (1984), 123 Ill. App. 3d 176, 179, 462 N.E.2d 798, 800.) To foster this purpose, the Act must be liberally construed. *E.g.*, *Popoff*, 144 Ill. App. 3d at 577, 494 N.E.2d at 1267.

■■ While it is true that to be eligible for benefits, a claimant must satisfy the prescribed terms and conditions of the Act (*Popoff*, 144 Ill. App. 3d at 577, 494 N.E.2d at 1267), the Department does permit noncompliance with the requirements under certain circumstances. Section 2720.120 of the Illinois Administrative Code (56 Ill. Adm. Code 2720.120 (1985)) provides for late processing of claim certificates filed less than one year late if the claimant shows:

"(1) The individual's unawareness of his rights under the Act; or

(2) Failure of either the employing unit of the agency to discharge its responsibilities or obligations under the Act or the rules; or

(3) Any act of any employing unit in coercing, warning or instructing the individual not to pursue his benefit rights; or

(4) Other circumstances beyond the individual's control; *** "

Here the Department failed to discharge its responsibilities or obligations under the Act or rules. Section 2720.115(a) (56 Ill. Adm. Code

2720.115(a) (1985)) states that "the Agency will mail [the claimant] a form called 'Claim Certification' every two weeks." This the Department did not do even though it had plaintiff's correct mailing address. Plaintiff, therefore, should be allowed to have his late claims processed.

Plaintiff is not attempting to avoid the requirement of filing the forms; he has done so. He is only asking to be excused for filing them late when he had not received them from the Department and when he mistakenly believed he was not receiving them because he had been found ineligible for benefits. It is true that the claim certification forms instruct claimants to continue mailing in certifications every two weeks while an appeal is pending, but plaintiff did not have any forms before him from which to read this instruction when he needed to do so. To deny plaintiff his benefits under these circumstances would only frustrate the public policy behind the Act. Plaintiff will be penalized already for his late filing of certifications by receiving late payment of benefits. Nothing more is needed. See *Lipman*, 123 Ill. App. 3d at 181-82, 462 N.E.2d at 801.

We note with particularity the unreasonableness of the Department's position with respect to plaintiff's claim for September 1 to September 14, 1985. Plaintiff's certification was not filed late for this period, as the Department once conceded in the circuit court but now fails to do so on appeal.

For the aforementioned reasons, we affirm the judgment of the circuit court of McLean County reversing the Board of Review's decision.

Affirmed.

WELCH and CALVO, JJ., concur.