THIRD DIVISION
December 1, 2010

1-09-2733

| | | |
|---|---|---|
| JUANITA CHILDRESS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY; | ) | |
| DIRECTOR, THE DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY; THE BOARD OF REVIEW | ) | No. 09 L 50694 |
| | ) | |
| Defendants-Appellants | ) | |
| | ) | |
| (Chicago Park District, c/o Cambridge | ) | |
| Integrated Services, | ) | Honorable |
| | ) | Sanjay T. Tailor, |
| Defendant). | ) | Judge Presiding. |

JUSTICE STEELE delivered the opinion of the court:

Defendants, the Illinois Department of Employment Security (Department), its Director, and the Board of Review, appeal from the circuit court's order reversing the Board's decision denying plaintiff, Juanita Childress, unemployment benefits under section 601(A) of the Illinois Unemployment Insurance Act (Act) (820 ILCS 405/601(A) (West 2008)). Defendants contend that under the Act, plaintiff was ineligible to receive benefits because she voluntarily left work without good cause attributable to her employer when she accepted her employer's severance package. Defendants contend that, as a result, the circuit court erred in reversing the Board's decision. We agree and therefore reverse.

1-09-2733

The record shows that plaintiff was employed as an advanced buyer by the Chicago Park District (hereafter Park District) from September 1999 until October 15, 2008, when she accepted the Park District's voluntary severance package. She then applied for unemployment benefits and the Park District protested her claim. The Park District alleged that plaintiff was ineligible for benefits because she voluntarily accepted the severance package, along with monetary compensation. The Park District further alleged that plaintiff was not threatened with a layoff, nor did her resignation impact another employee.

On February 19, 2009, a claims adjudicator for the Department determined that plaintiff was ineligible for unemployment benefits because she left work voluntarily without good cause attributable to her employer when she accepted the Park District's voluntary severance package.

Plaintiff requested reconsideration of this decision. She stated that she had requested information from upper management regarding whether an alleged layoff would affect her, but "they could not guarantee [her] that [she] would remain an employee." She stated that was sufficient reason for her to accept the severance package offered and search for employment elsewhere.

On March 31, 2009, a Department referee conducted a telephonic hearing in the matter. Plaintiff testified that she

accepted the severance package, along with $15,000 in monetary compensation, because the Park District was "talking about doing major layoffs." She testified, however, that she was never notified that she would be laid off from her position, in which she held the most seniority. She testified that the job cuts were not directed at any one person or department or based on seniority but, rather, were "across the board." She further stated the number of people the Park District intended to lay off was reported in the newspaper, but she could not recall that number. Plaintiff testified that she questioned the Director about the targeted employees, but he could not confirm who would be affected by the cuts. Moreover, plaintiff testified that although the severance package permitted employees to work until the end of October, she left before then because she was seeking alternative employment. She acknowledged that three other employees held the same position but did not accept the buyout package.

Plaintiff further testified that another reason she left her employer was because her work was "being taken and misconstrued or done a different way or given to someone else" even after she had completed it. She stated that it was her responsibility to ensure the work was performed properly; however, she had no knowledge it had been changed. She testified that, prior to leaving, she notified her director that work on the computer had

been deleted by other staff. Plaintiff believed she also reported the deletion of her work to human resources, but was unsure. She testified that based on the deletion, she believed she "wasn't needed."

Park District human resources manager Michele Gage next testified that the Park District offered the voluntary severance package to all full-time Park District employees, notifying them via a letter. She testified that she was unaware of any meetings where layoffs were threatened and there were no layoffs of full-time staff at the Park District. Gage testified that when plaintiff submitted her resignation, she stated that, for a number of reasons, it was time for her resignation and that she was not happy with the departmental management. Gage further testified that plaintiff had resigned from her position prior to the end of the incentive period, citing personal issues unrelated to work and good timing.

On April 1, 2009, the referee affirmed the claims adjudicator's determination, finding that plaintiff was ineligible to receive unemployment benefits under section 601(A) of the Act (820 ILCS 405/601(A) (West 2008)), because she voluntarily left work without good cause attributable to her employer. The referee held the evidence did not reflect that plaintiff was in imminent danger of losing her job and that she

could have worked an additional two weeks under the terms of the offer, but declined to do so because of personal issues.

Plaintiff appealed to the Board. On June 3, 2009, the Board affirmed the referee's decision, citing the Illinois Administrative Code (56 Ill. Adm. Code §2840.125, added at 17 Ill. Reg. 17929, eff. October 4, 1993), which governs when a person is eligible for unemployment benefits after accepting an employment buyout package. The Board found the Park District's severance offer was voluntary and not coerced by the threat of layoff. That is, the Board observed that the Park District did not announce any specific layoffs in conjunction with its offer and did not set any fixed goals regarding the number of employees expected to retire. The Board also found plaintiff was not informed that she would face a layoff if she did not accept the buyout. It further found there was no evidence that plaintiff sought assurances from the employer that her employment would not, in the proximate future, be terminated under terms substantially less favorable to the terms of the buyout or that the terms of her employment would not, in the proximate future, become substantially less favorable. Rather, it found a substantial reason for her decision to leave was her dissatisfaction with the allocation of work, and this, the Board held, did not constitute good cause attributable to her employer.

Plaintiff subsequently filed a complaint for administrative review in the circuit court of Cook County. The circuit court reversed the Board's decision on September 9, 2009. Defendants appealed.

Although plaintiff has not filed a brief on appeal, we will consider the merits of the appeal under the standard set forth in First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 131, 133 (1976).

DISCUSSION

On appeal, defendants contend that the Board's decision, that plaintiff left work voluntarily without good cause attributable to her employer, was neither against the manifest weight of the evidence nor clearly erroneous, and therefore, the circuit court erred in reversing the Board's decision.

Our review of the administrative law proceeding is limited to the propriety of the Board's decision. Oleszczuk v. Department of Employment Security, 336 Ill. App. 3d 46, 50 (2002). The question of whether an employee left work without good cause attributable to her employer involves a mixed question of law and fact to which we apply the "clearly erroneous" standard of review. AFM Messenger Service, Inc. v. Department of Employment Security, 198 Ill. 2d 380, 395 (2001); Horton v. Department of Employment Security, 335 Ill. App. 3d 537, 540 (2002). An agency decision may be deemed clearly erroneous only

where a review of the record leaves the reviewing court with a definite and firm conviction that a mistake has been made. AFM Messenger Service, 198 Ill. 2d at 395. For the following reasons, we cannot say the Board's decision was clearly erroneous.

Receipt of unemployment benefits is conditioned on eligibility under the Act, and the burden of proving eligibility rests with the claimant. Grigoleit Co. v. Department of Employment Security, 282 Ill. App. 3d 64, 68 (1996); Collier v. Department of Employment Security, 157 Ill. App. 3d 988, 991 (1987). Section 601(A) of the Act disqualifies a former employee from receiving unemployment benefits if she left work voluntarily without good cause attributable to the employer. 820 ILCS 405/601(A) (West 2008). Good cause results from circumstances that produce pressure to terminate employment that is both real and substantial and that would compel a reasonable person under the circumstances to act the same manner. Collier, 157 Ill. App. 3d at 992. An example of good cause is a unilateral change in the terms and conditions of employment that renders the job unsuitable. Collier, 157 Ill. App. 3d at 994.

When, as here, an employee accepts the employer's buyout package, good cause does not exist, and the employee is ineligible to receive unemployment benefits under section 601 of the Act, unless at the time she accepts the buyout: (1) the

employee knows or reasonably believes that her employment will be terminated by the employer within the proximate future under terms substantially less favorable than the terms of the buyout offer; (2) the employee knows or reasonably believes that her employment will continue in the proximate future, but under terms substantially less favorable than the terms of her employment immediately prior to the buyout offer; or (3) the employee knows that a layoff will follow if a sufficient number of employees do not accept the buyout offer and the employee accepts the offer to avoid the layoff of another employee. 56 Ill. Adm. Code §2840.125(a), added at 17 Ill. Reg. 17929, eff. October 4, 1993.

In this case, the Board rightly found that plaintiff failed to satisfy the exceptions to the general rule that an employee who accepts an employer buyout package is ineligible for unemployment benefits under section 601 of the Act. As the Board noted, there was no evidence that plaintiff was coerced into accepting the buyout package based on the threat of layoffs, where the Park District neither announced any specific layoffs in conjunction with its offer nor indicated the number of employees it expected to accept the package.

Moreover, by plaintiff's own testimony, she was never notified that she would face a layoff if she did not accept the buyout and none of the other employees in her position accepted the buyout. The employer's human resources director testified

that ultimately no full-time employees were laid off.  While plaintiff did ask the Director which employees might be laid off, there is no evidence that she specifically sought assurances from her employer that, in the proximate future, her employment would not be terminated under terms less favorable than those of the offer or that the terms of her employment would become less favorable than the terms of her employment immediately prior to the offer.  See 56 Ill. Adm. Code §§2840.125(b),(b)(2), added at 17 Ill. Reg. 17929, eff. October 4, 1993; see also Henderson v. Department of Employment Security, 230 Ill. App. 3d 536, 539 (1992) (employee should make reasonable efforts to resolve employment conflicts).  She also did not accept the severance package in order to avert the layoff of another employee.  Rather, the evidence shows that plaintiff voluntarily accepted the severance package.

Plaintiff thus failed to prove she was subject to any exceptions to the general rule prohibiting her from receiving unemployment benefits upon acceptance of a severance package and the evidence does not show a unilateral change in the terms of employment that rendered her job unsuitable.  See Collier, 157 Ill. App. 3d at 994.  The reasons plaintiff cites for leaving her employment therefore do not constitute good cause attributable to her employer, and thus, plaintiff failed to meet her burden of proving eligibility under the Act.  See White v. Department of

<u>Employment Security</u>, 376 Ill. App. 3d 668, 672 (2007); <u>Collier</u>, 157 Ill. App. 3d at 994.

CONCLUSION

Based on the foregoing, we reverse the decision of the circuit court of Cook County and uphold the Board's decision finding plaintiff ineligible to receive unemployment benefits.

Reversed.

QUINN, P.J., and NEVILLE, J., concur.

1-09-2733

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| Please Use Following Form:<br><br>Complete TITLE of Case | JUANITA CHILDRESS,<br><br>                                                    Plaintiff-Appellee,<br><br>v.<br><br>THE DEPARTMENT OF EMPLOYMENT SECURITY; DIRECTOR, THE DEPARTMENT OF EMPLOYMENT SECURITY; THE BOARD OF REVIEW<br><br>                                               Defendants-Appellants<br><br>(Chicago Park District, c/o Cambridge Integrated Services, ~~Defendant).~~ |
| --- | --- |
| Docket No.<br><br>COURT<br><br>Opinion Filed<br><br><br><br>JUSTICES | No. 1-09-2733<br>Appellate Court of Illinois<br>First District, THIRD Division<br><br>December 1, 2010<br>(Give month, day and year) |
|  | JUSTICE STEELE delivered the opinion of the court:<br><br>Quinn, P.J., and Neville, J.,                                        concur<br><br>                                                                 dissent[s] |
| APPEAL from the Circuit Ct. of Cook County, Chancery Div. | Lower Court and Trial Judge(s) in form indicated in the margin:<br>Circuit Ct. of Cook County, Law Division<br>The Honorable          Sanjay T. Tailor          , Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel)<br><br>Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.<br>Attorneys for **Defendants-Appellants**:          Lisa Madigan, Attorney General, State of Illinois<br>Michael A. Scodro, Solicitor General<br>(Janon E. Fabiano, Assistant Attorney General, of Counsel)<br>100 West Randolph St., 12th Flr.<br>Chicago, IL 60601<br><br>Attorney for **Plaintiff-Appellee:**          NONE |