ERNESTO ACEVEDO, Petitioner-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Respondents-Appellants (Standard Window Cleaning Company, c/o Martin Boyer, Respondent).

First District (2nd Division)   No. 1—99—3049

Opinion filed August 7, 2001.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Bonnie Gershkon, Assistant Attorney General, of counsel), for appellants.

No brief filed for appellee.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:
Respondents appeal from an order of the circuit court of Cook County reversing the decision of the Board of Review of the Illinois Department of Employment Security (the Board). The Board ruled that petitioner, Ernesto Acevedo, was ineligible for unemployment compensation benefits because he voluntarily left his employment without good cause attributable to his employer, Standard Window Cleaning Company (Standard). Respondents claim that the denial of benefits was supported by the manifest weight of the evidence and that the decision of the circuit court should be reversed. Petitioner has not filed a brief in response. We may consider the issue raised under the standards set forth in *First Capitol Mortgage Corp. v. Talandis*

*Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976). We reverse the trial court and remand with directions.

The record shows that petitioner was employed by Standard as a window washer and was paid at the hourly rate of $13.90. He worked for that company about six months and claimed that he left when his supervisor, Richard Fiore, told him that he had no work for him and reduced his hours from 40 per week to 13 to 20 hours.

Petitioner filed a claim for benefits under the Illinois Unemployment Insurance Act (Act) (820 ILCS 405/100 *et seq.* (West 1998)). Standard, through its representative, questioned petitioner's eligibility for benefits under section 601(A) of the Act (820 ILCS 405/601(A) (West 1998)), which relates to voluntary leaving without good cause attributable to the employing unit. The claims adjudicator found that petitioner left work because he was laid off, that his voluntary leaving was with good cause and that he was eligible for benefits.

Standard appealed that determination, claiming that petitioner had refused an offer of work and did not report for work from August 3 through August 5, 1998. The referee heard testimony on the matter in the course of a hearing conducted by telephone on November 17, 1998. Standard's representative presented the testimony of Fiore by telephone. Petitioner did not appear.

Fiore testified that defendant last worked for him on July 29, 1998, and did not report or call in from July 29 through July 31, 1998. Fiore explained that for a short period of time the company was changing computers and work tickets, that work was not being scheduled as it wanted, and that it was working slowly to ensure that all of its customers were served. Fiore stated that there was work for petitioner on the days he was absent and that he tried to contact him at home. He also asked other employees about petitioner and was told that petitioner might be working for another company. Fiore asked these employees to aid in his retrieval of $1,000 worth of company equipment from petitioner, but it was never returned. Fiore further testified that he continued to put petitioner's name on the work schedule and reported him as a "no call" and "no show" for three consecutive days. Fiore kept petitioner's partner working without him.

The referee found that petitioner had voluntarily left his job on July 28, 1998, when he stopped reporting to work. The referee noted that Standard had no subsequent contact with petitioner, despite efforts to locate him, and that there was work available for petitioner when he left. The referee found the testimony of the employer to be credible and concluded that petitioner had left his job voluntarily and without good cause attributable to the last employing unit. The referee further concluded that there was no evidence showing that the

work was unsuitable or that a permissible exception applied, and he imposed the disqualification of benefits set out in section 601(A) of the Act.

Petitioner appealed that decision to the Board of Review. He argued that he did not quit, but was laid off because there was no work for him to do. After reviewing the entire record, the Board found that the referee's decision was supported by evidence in the record and the law and affirmed the denial of benefits.

Petitioner then filed a *pro se* complaint for administrative review of the Board's decision, and after a hearing, the circuit court issued a written order reversing the Board's decision. In its order, the court noted that petitioner's working hours had been reduced from 40 to 20 hours per week and that it was understandable that he was unable to support himself and his family after such a dramatic reduction. The court further noted that neither the referee nor the Board found that the reduction was temporary, and it stated that an employee should not be expected to work indefinitely at drastically reduced hours for fear of jeopardizing his unemployment benefit rights. The court then held that since the employer had 40 hours of work for two full-time employees, it should be required to maintain the hours of one worker and lay off the other so that he could collect unemployment benefits while undertaking a job search. The court also ruled that an interpretation of the Act that would allow employers to avoid its effect by "drastically reducing work hours in the hope that an employee will voluntarily leave and become ineligible for benefits should not be countenanced."

Respondents have appealed.

●1 Under the Act, a person may receive unemployment benefits provided that he meets the eligibility requirements of section 500 and is not subject to the exemptions or disqualifications set out in the statute. *Caterpillar, Inc. v. Doherty*, 299 Ill. App. 3d 338, 342, 701 N.E.2d 1163, 1166 (1998). The burden of proving eligibility rests with the claimant. The Act is to be liberally construed to favor the awarding of benefits to accomplish the primary purpose of alleviating economic distress caused by involuntary unemployment. *Chicago Transit Authority v. Doherty*, 291 Ill. App. 3d 909, 912-13, 684 N.E.2d 867, 870 (1997).

●2 The Board of Review is the trier of fact in a case involving a claim for unemployment benefits, and its findings of fact are considered *prima facie* true and correct. *Chicago Transit Authority v. Didrickson*, 276 Ill. App. 3d 773, 776, 659 N.E.2d 28, 31 (1995). The function of the reviewing court is limited to ascertaining whether the decision of the Board is against the manifest weight of the evidence.

*Hoffmann v. Lyon Metal Products, Inc.*, 217 Ill. App. 3d 490, 497, 577 N.E.2d 514, 518-19 (1991). That an opposite conclusion may be reasonable is insufficient. *Jackson v. Department of Labor*, 168 Ill. App. 3d 494, 499, 523 N.E.2d 5, 8 (1988).

•3 Here, the Board found that the referee's decision was supported by the record and the law and incorporated that decision in affirming the denial of benefits. The denial of benefits was based on section 601(A) of the Act, which provides in part that a claimant "shall be ineligible for benefits for the week in which he has left work voluntarily without good cause attributable to the employing unit." 820 ILCS 405/601(A) (West 1998). "Good cause" for leaving has, in turn, been interpreted as that which justifies an employee to leave the ranks of the employed and join those of the unemployed. *Grant v. Board of Review of the Illinois Department of Employment Security*, 200 Ill. App. 3d 732, 734, 558 N.E.2d 438, 440 (1990). A substantial and unilateral change in employment may render employment unsuitable so that good cause for voluntary termination is established; but, generally, claimant's dissatisfaction with neither his hours nor his wages constitutes good cause to leave for purposes of entitlement to unemployment compensation. *Collier v. Department of Employment Security*, 157 Ill. App. 3d 988, 992, 510 N.E.2d 623, 626 (1987).

Petitioner claimed in his application for benefits that he had been laid off. He also expressed dissatisfaction with the reduction in his working hours. At the administrative hearing, Standard denied petitioner's lay-off claim and explained that working hours had been cut for a period when the company was changing the way it scheduled work. Petitioner failed to appear at the hearing and the referee found Standard's witness to be credible. The Board concluded, after review of the record and evidence that was presented at the hearing, that petitioner had left his employment without good cause attributable to the employer and so was subject to the disqualification of benefits under section 601(A) of the Act.

The Board's decision finds support in the evidence that petitioner voluntarily left his job when there was work available and failed to report for work on the specified days. In addition, we observe that no evidence was presented to show that the work was unsuitable or that one of the exceptions applied. There was also no evidence showing that petitioner's duties had changed when his hours were reduced to support a finding of a unilateral change in employment conditions due to his employer, or that the hourly rate of pay had changed. *Collier*, 157 Ill. App. 3d at 994-95, 157 N.E.2d at 627. Under these facts and circumstances, it is clear that petitioner failed to establish good cause for his voluntary leaving to entitle him to the relief requested, and the

findings and decision of the Board to that effect cannot be deemed contrary to the manifest weight of the evidence. *Collier*, 157 Ill. App. 3d at 994-95, 157 N.E.2d at 627.

The circuit court, upon administrative review, held otherwise. The record does not contain a transcript of the administrative review hearing before the trial court or an acceptable substitute (166 Ill. 2d R. 323). But we find the record adequate for review (see *Skrypek v. Mazzochi*, 227 Ill. App. 3d 1, 5, 590 N.E.2d 990, 993 (1992)), since a court on administrative review is limited to a consideration of the evidence submitted in the administrative hearing and may not hear additional evidence (735 ILCS 5/3—110 (West 1998)) or conduct a hearing *de novo*. *Jackson*, 168 Ill. App. 3d at 499-500, 523 N.E.2d at 9. We have the entire administrative record before us.

The written order of the trial court shows that it construed the reduction in petitioner's hours as a constructive lay-off, which left petitioner unable to support himself or his family. The court distinguished this case from *Collier*, largely on the difference in the percent of the reduction. The court also observed that neither the Board nor the referee had found that the reduction was temporary. *Collier*, however, did not turn on these factors. In reversing the circuit court, which had deemed the 25% reduction in hours a unilateral and substantial change in claimant's employment, the court in *Collier* found that the conditions of employment remained the same, save for the reduction in hours, and that petitioner's domestic finances were not attributable to the employer. *Collier*, 157 Ill. App. 3d at 993-95, 157 N.E.2d at 626-28. These same factors are present in this case and do not warrant a different result.

●4 The trial court's determination that the reduction in hours constituted a constructive lay-off does not, on this record, comport with the statutory definition of an "unemployed individual," *i.e.*, one whose wages for work performed under the reduced hours are less than the weekly benefit he would have received if he had not worked. 820 ILCS 405/239 (West 1998). If petitioner's wages had fallen below that mark, he could have filed a claim for partial benefits. See *Rodgers v. Department of Employment Security*, 186 Ill. App. 3d 194, 199, 542 N.E.2d 168, 171 (1989). Contrary to the court's conclusion, petitioner would not have jeopardized a claim for unemployment benefits by continuing to work at the reduced hours. Finally, the court's comments on the policy considerations attendant to statutory eligibility for unemployment benefits and the manner in which Standard should have handled the distribution of 40 hours of work between its employees to ensure eligibility for one fell outside the narrow scope of administrative review and do not support reversal of the Board's decision. *Jackson*, 168 Ill App. 3d at 500, 523 N.E.2d at 9.

In light of the above and our review of the administrative record, we cannot say the decision of the Board was against the manifest weight of the evidence. The judgment of the circuit court of Cook County is reversed and the case is remanded with directions to reinstate the order of the Board of Review.

Reversed and remanded with directions.

GORDON and COUSINS, JJ., concur.