FIFTH DIVISION
SEPTEMBER 21, 2007

No. 1-06-3075

| | | |
|---|---|---|
| GEORGE WHITE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 06 L 50738 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY; DIRECTOR, THE DEPARTMENT OF | ) | |
| EMPLOYMENT SECURITY; THE BOARD | ) | |
| OF REVIEW; and WINDWARD ROOFING AND | ) | |
| CONSTRUCTION, | ) | Honorable |
| | ) | Rita Mary Novak, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE TULLY delivered the opinion of the court:

*Pro se* plaintiff George White appeals from the trial court's judgment affirming the decision of the Board of Review of the State of Illinois Department of Employment Security (Board) to deny him unemployment insurance benefits under section 601(A) of the Illinois Unemployment Insurance Act (the Act) (820 ILCS 405/601(A) (West 2004)). On appeal, he asserts that: (1) he did not voluntarily leave employment; (2) the hearing referee improperly allowed his employer to participate in the hearing; and (3) the Board improperly declined to consider telephone records that were not presented to the hearing referee. We affirm.

Plaintiff was employed at Windward Roofing and Construction (Winward) as a service maintenance foreman but was briefly laid off on December 3, 2005, due to the weather. On December 4, 2005, plaintiff filed a claim for unemployment insurance benefits. Plaintiff returned to work and on December 13, 2005, he made a comment that offended a customer. Shortly

thereafter, plaintiff and Winward parted ways. On December 27, 2006, Winward protested plaintiff's unemployment insurance benefits claim stating that plaintiff returned to work on December 8, 2005, but quit on December 22, 2005.

On January 11, 2006, a claim adjudicator at the local office of the Illinois Department of Employment Security (IDES) interviewed plaintiff and indicated in her adjudication summary that plaintiff was able to remain employed but left employment for personal reasons without informing his employer. The claim adjudicator spoke with Linda Raddatz, Winward's accounting manager, on January 19, 2006. Raddatz informed the claim adjudicator that plaintiff had the option of remaining employed but informed Winward he was leaving for personal reasons. On the same day, plaintiff informed the claim adjudicator that he did not quit and was told there was no work.

On January 20, 2006, the claim adjudicator determined that plaintiff was ineligible for unemployment benefits beginning on December 12, 2005, because plaintiff left work voluntarily without good cause attributable to his employer. Plaintiff appealed.

The IDES scheduled a telephone hearing and notified plaintiff and Winward. The notice stated that exhibits must arrive 24 hours before the hearing and must be sent to the opposing side or they may not be considered. The IDES instructed the parties to read a brochure entitled "Preparing for your Appeal Hearing," which states that the hearing referee may decide not to consider evidence not provided to the other party before the hearing.

On March 7, 2006, a telephone hearing was held before a referee. At the outset of the hearing, the referee found that Winward's protest was not timely filed but allowed Winward to

participate in the hearing. Plaintiff, Raddatz, and John Schultz, Winward's operations manager, participated in the hearing.

Raddatz testified that plaintiff began working at Windward for the second time on August 4, 2003. Plaintiff worked on December 3, 2005, but was briefly laid off due to weather. Plaintiff returned to work on December 8, 2005. His last day of work was December 13, 2005. On December 21, 2005, Schultz gave plaintiff a warning for being rude to a customer on December 13, 2005. On December 22, 2005, plaintiff quit.

Schultz testified that on December 13, 2005, a customer complained that plaintiff was rude. Plaintiff did not attend work the following three days. Winward was closed due to weather on December 19, 2005. On December 21, 2005, Schultz spoke to plaintiff about the complaint and gave him a written warning that he would be dismissed if he received another complaint. Plaintiff did not comment on the complaint. The next day, plaintiff came to work and said, "I can't deal with this. I quit." He did not mention the complaint. Shultz testified that work was available.

Plaintiff testified that he began working as a service maintenance foreman at Winward for the second time in August 2003. In December 2005, he was unemployed because a blizzard caused dangerous roofing conditions and he could not work. The day after plaintiff filed for unemployment insurance benefits, he contacted Schultz. Plaintiff worked after the blizzard ended but roofing conditions were dangerous and life threatening. Schultz told plaintiff to come to work if he wanted to but suggested that plaintiff did not have to work. Nevertheless, plaintiff believed

Schultz wanted him to work despite dangerous conditions.

Plaintiff further testified that at some point he called Schultz, who said that he was busy and would call plaintiff back. Schultz did not call plaintiff. Plaintiff left Schultz a voice mail message but Schultz did not return plaintiff's phone call. Plaintiff never heard back from Schultz, never went back to work and did not quit his job. He denied telling Schultz and the claim adjudicator that he quit his job for personal reasons. Plaintiff's last day of work was in December 2005.

At the end of the hearing, the referee acknowledged that plaintiff disputed the claim adjudicator's notes indicating that plaintiff quit his job for personal reasons. The referee also acknowledged that the claim adjudicator's notes indicated plaintiff later stated he did not quit but called Schultz every day and Schultz told him there was no work available.

The hearing referee affirmed the decision of the claim adjudicator and held that plaintiff was disqualified from receiving benefits under section 601(A) of the Act (820 ILCS 405/601(A) (West 2004)) because plaintiff left work for personal reasons not attributed his employer.

Plaintiff filed a notice of appeal on March 16, 2006, and on May 26, 2006, filed "Claimant's argument in support of appeal," which included plaintiff's telephone records allegedly demonstrating that he maintained contact with Schultz, who told him there was no work on and after December 22, 2005. Plaintiff stated that he did not submit those records at the hearing because he did not anticipate that Winward would dispute their communications.

The Board affirmed the referee's decision on July 7, 2006, finding that plaintiff was

disqualified from receiving benefits because he voluntarily left employment for personal reasons without good cause attributable to the employer. The Board declined to consider plaintiff's telephone records because he failed to demonstrate that he was not at fault for failing to introduce those records at the hearing. The Board found plaintiff voluntarily left employment on December 13, 2005, and informed Winward that he quit on December 22, 2005.

Plaintiff filed a *pro se* complaint in the circuit court seeking administrative review of the Board's decision on July 31, 2006. The trial court affirmed the Board's decision, finding that it was not against the manifest weight of the evidence or the law. Plaintiff now appeals.

On appeal, plaintiff first asserts that he did not voluntarily leave employment. Although plaintiff refers to the trial court's order, we review an administrative agency's decision on appeal, not the trial court's decision. Ahmad v. Board of Education of the City of Chicago, 365 Ill. App. 3d 155, 162 (2006).

When reviewing an unemployment benefits claim, we defer to the Board's factual findings unless they are against the manifest weight of the evidence; however, legal questions are reviewed *de novo*. Manning v. Department of Employment Security, 365 Ill. App. 3d 553, 556 (2006). Where issues involving mixed questions of law and fact are involved, we will reverse the Board's decision only if it is clearly erroneous. Manning, 365 Ill. App. 3d at 557. A reviewing court may not judge the witnesses' credibility, resolve conflicts in testimony or reweigh evidence. Arroyo v. Doherty, 296 Ill. App. 3d 839, 845 (1998).

The purpose of the Act is to benefit individuals who are not at fault for their

unemployment. <u>Jenkins v. Department of Employment Security</u>, 346 Ill. App. 3d 408, 411 (2004). The burden of establishing eligibility for unemployment insurance benefits is on the claimant. <u>Jenkins</u>, 346 Ill. App. 3d at 411. Section 601(A) of the Act states that an individual is ineligible for benefits if "he has left work voluntarily without good cause attributable" to his employer. 820 ILCS 405/601(A) (West 2004).

Here, the record supports the Board's finding that plaintiff voluntarily left work without good cause attributable to Winward, his employer. At the hearing, Raddatz testified that plaintiff quit. Schultz also testified that despite available work, plaintiff quit because he could not "deal with this." In addition, the claim adjudicator's notes indicated that plaintiff initially informed her that he left employment for personal reasons without informing his employer. Although the claim adjudicator's notes also indicated that plaintiff later stated he did not quit and plaintiff similarly denied quitting at the hearing, we defer to the Board's factual finding that plaintiff voluntarily left work. We will not judge the witnesses' credibility or reweigh the evidence.

Next, plaintiff asserts that the hearing referee improperly allowed Winward to participate in the hearing. Initially, the IDES contends plaintiff waived this argument by failing to support it with argument or citations to authority. 210 Ill. 2d. R. 341(h)(7). We agree. Assuming plaintiff's argument is not waived, we find it is without merit.

A timely filed protest provides an employer with party status. 56 Ill. Adm. Code §2720.130(a) (Conway-Greene CD-ROM 1999). However, where a claimant appeals an adjudicator's determination, an employer may appear as a nonparty before the hearing referee and

present evidence. 56 Ill. Adm. Code §2720.205(c) (Conway-Greene CD-ROM 1999).

Here, the hearing referee properly allowed Winward to participate at the hearing. Although the referee found that Winward's protest was not timely filed, Winward was entitled to appear at the hearing as a nonparty and present evidence.

Finally, plaintiff asserts that the Board improperly declined to consider his telephone records. The IDES correctly asserts that this argument has also been waived. 210 Ill. 2d. R. 341(h)(7). Waiver aside, this argument lacks merit.

The Board may exercise its discretion and accept additional evidence in hearing appeals from a referee's decision. 820 ILCS 405/803 (West 2004). Also, the Board will consider additional evidence submitted by the appellant within 20 days of filing an appeal; however, the appellant must include an explanation demonstrating that he was unable to present the evidence at the hearing before the referee for reasons outside of his control or reasons not his fault. 56 Ill. Adm. Code §2720.315(b) (1996).

Here, the Board properly denied plaintiff's request to submit additional evidence of his telephone records because the Board found that plaintiff did not demonstrate he was not at fault for failing to introduce those records at the hearing before the referee. Assuming plaintiff was not at fault, we note that plaintiff filed his appeal on March 16, 2006, and filed his telephone records on May 26, 2006. Thus, plaintiff failed to submit his telephone records within 20 days of filing his appeal as required.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

O'BRIEN and GALLAGHER, JJ., concur.