In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2654

GARDELL L. COUNCIL,

*Plaintiff-Appellant,*

*v.*

VILLAGE OF DOLTON, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 93 — **James B. Zagel**, *Judge.*

ARGUED AUGUST 5, 2014 — DECIDED AUGUST 22, 2014

Before BAUER, POSNER, and TINDER, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff sued an Illinois town
by which he had been employed, and one of the town's em-
ployees, under 42 U.S.C. § 1983; he claims to have been fired
in violation of his federal constitutional rights to due process
of law and freedom of speech. The district court dismissed
the suit as barred by collateral estoppel.

Initially the plaintiff asked the state's Department of Employment Security for benefits under the state's Unemployment Insurance Act. The town opposed his claim, arguing that he was ineligible for unemployment benefits because he had constructively resigned "without good cause" by failing to obtain a commercial driver's license within one year of starting work, a condition of his employment. The department agreed with the town, deeming the failure to obtain the license as tantamount to a voluntary resignation. The plaintiff appealed to the Illinois court system—unsuccessfully. An Illinois appellate court, agreeing with the department, ruled that because the plaintiff had been fired for failing to obtain the required license his termination amounted to a "voluntary" departure under the state's unemployment law. That's the ruling that the district court held prevented, by operation of collateral estoppel, the plaintiff from prevailing in this suit, and thus required dismissal.

We disagree that the Illinois appellate court's ruling was entitled to collateral estoppel effect (nor was the earlier ruling, reinstated by the appellate court, by the Department of Employment Security, that the plaintiff had left his employment without good cause). The state's Unemployment Insurance Act provides that "no finding, determination, decision, ruling or order (including any finding of fact, statement or conclusion made therein) issued pursuant to this Act … shall … constitute res judicata." 820 ILCS 405/1900(B) (as amended in 1991). The finding by the Illinois appellate court concerning the cause of the plaintiff's losing his job was a ruling made pursuant to the Unemployment Insurance Act, under which he was seeking the benefits that the agency that administers the Act denied him. It squarely fits the list of de-

terminations in section 1900(B) that shall not have preclusive effect.

Now it's true, though not argued by the defendants, that the statute doesn't mention collateral estoppel. But collateral estoppel is a branch of res judicata, *Rekhi v. Wildwood Industries, Inc.*, 61 F.3d 1313, 1316–17 (7th Cir. 1995) (Illinois law), and Illinois collateral estoppel doctrine embraces rulings on issues of law as well as of fact. *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 744 N.E.2d 845, 849–50 (Ill. 2001). Whether the "without good cause" ruling should be considered a fact ruling or a law ruling is unclear, but it makes no difference which it is.

The ground of the district judge's conclusion that collateral estoppel does apply in this case was his belief that the Illinois appellate court's ruling had been pursuant not to the Unemployment Insurance Act but to the Illinois statute that authorizes judicial review of administrative decisions, such as those by the Department of Employment Security. That is the Illinois Administrative Review Law, 735 ILCS 5/3-101–113. We have found no precedent that supports the district judge's view, a view implying that the plaintiff's proceeding in this court arises not under 42 U.S.C. § 1983, a civil rights statute, but under 28 U.S.C. § 1291, which authorizes appeals to the federal courts of appeals from final judgments by district courts. The plaintiff got to this court by virtue of section 1291, but once he's here the claim he is pressing is pursuant to section 1983.

Any doubt on this score is dispelled by the provision in the Unemployment Insurance Act that "judgments and orders of the circuit court under this Act shall be reviewed by appeal in the same manner as in other civil cases." 820 ILCS

405/1100. If the proceeding in the circuit court (the trial court), challenging the decision by the Department of Employment Security, arose under the Unemployment Insurance Act—as this provision implies it did—so must the appeal to the Illinois appellate court have arisen under that Act. It would be anomalous to deny collateral estoppel effect to rulings by the circuit court when there was no appeal, but to give such effect to rulings by the appellate court when there was an appeal.

And even if the ruling by the Illinois appellate court could be thought to have been pursuant to the Administrative Review Law, it may have been pursuant to the Unemployment Insurance Act as well. Illinois courts commonly distinguish between the basis of appellate jurisdiction and the basis of the substantive claim in the appeal, as when in *Doran v. Department of Labor*, 452 N.E.2d 118, 119, 121–22 (Ill. App. 1983), the court noted that the plaintiff had sought review "pursuant" to the Administrative Review Law but had lost her case "pursuant" to the Unemployment Insurance Act. That is the same distinction we suggested in contrasting the statutory basis for a federal appeal to the statutory basis for the substantive claim in the appeal.

Furthermore, the judgment of the Illinois appellate court merely ordered "reinstate[ment of] the order" of the Department of Employment Security. Since the Department's determination that the plaintiff had left his employment without good cause had no collateral estoppel effect, neither did the judgment reinstating that order.

The background of the 1991 amendment to the Unemployment Insurance Act also undermines the defendants' position. Unemployment insurance is federal, and though it

is administered by the states, the federal government imposes some requirements on the states' administration of their unemployment insurance programs. See 42 U.S.C. § 503(a)(1). That year the federal Department of Labor published an Unemployment Insurance Program Letter, interpreting the Act to require that judicial hearings to review unemployment insurance rulings made at the administrative level be "Simple, Speedy and Inexpensive." 56 Fed. Reg. 29719 (June 28, 1991). The Department criticized the application of collateral estoppel to the rulings made in such hearings, pointing out that "parties to a UI [unemployment insurance] claim may feel obligated to assure that issues are addressed in far greater depth than is normally required for a UI hearing" and as a result cause both claimants and employers to "require legal representation." A defendant in such a proceeding will have an incentive, if rulings in that proceeding will be given collateral estoppel effect in a lawsuit, to put up a strong defense in the proceeding. For by doing so it may be able to obtain rulings that it can use defensively in a future suit, or at least that it can use to ward off rulings that the plaintiff might be able to use offensively in his future suit. It cannot defer its strong defense to the circuit court to which the decision by the Department of Employment Security can be appealed, because that court is not permitted to take evidence in such a proceeding; it acts purely as an appellate tribunal. *Acevedo v. Department of Employment Security*, 755 N.E.2d 93, 97 (Ill. App. 2001).

The Department of Labor's program letter suggested that states adopt statutory language similar to what Illinois *did* adopt, shortly afterward, in 820 ILCS 405/1900(B), denying collateral estoppel effect to rulings in unemployment insurance proceedings. The statute is fully applicable to this case.

The judgment of the district court is therefore reversed and the case remanded to that court for further proceedings consistent with this opinion.