2019 IL App (1st) 182138-U
No. 1-18-2138
Order filed December 2, 2019

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SOMONICA BOYD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY; | ) | |
| THE DIRECTOR OF EMPLOYMENT SECURITY; THE | ) | |
| BOARD OF REVIEW OF THE DEPARTMENT OF | ) | No. 18 L 50416 |
| EMPLOYMENT SECURITY; and UNITED STATES | ) | |
| POSTAL SERVICE, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (The Department of Employment Security, the Director of | ) | Honorable |
| Employment Security, and the Board of Review of the | ) | Michael F. Otto, |
| Department of Employment Security, Appellees). | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Griffin and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirm, concluding plaintiff has forfeited her contentions on appeal due to deficiencies in brief. Even overlooking these deficiencies, the Board's determination that plaintiff was ineligible for benefits was not clearly erroneous.

¶ 2    Plaintiff, Somonica Boyd, appeals from the judgment of the circuit court affirming the decision of the Board of Review of the Illinois Department of Employment Security (Department) finding she was ineligible for employment benefits.

¶ 3    We affirm. Boyd fails to make any argument that (i) the Board's determination that she was ineligible for benefits under the Act was clear error, (ii) does not challenge any of the Board's factual findings, and (iii) does not argue the Board's decision regarding the documents she submitted with her administrative appeal constitutes an abuse of discretion. So, we must find that she forfeited review. Nevertheless, the record supports the Board's determination of ineligibility was not clearly erroneous. And that Boyd left work voluntarily without good cause attributable to the employer where she failed to submit evidence from a licensed practicing physician deeming her unable to work during the relevant time frame.

¶ 4                                   Background

¶ 5    Boyd initiated a claim for benefits under the Unemployment Insurance Act after being injured in a nonwork-related car accident. 820 ILCS 405/100 *et seq.* (West 2018). She claimed her injuries resulted in her being physically unable to work. Her employer, the United States Postal Service, objected to her claim on the basis that Boyd voluntarily quit even though work was still available for her. During an interview with a claims adjudicator, Boyd stated she would send documentation from her doctor to support her claim, but she never did so. The claims adjudicator determined that Boyd was ineligible for benefits because she voluntarily left employment without good cause attributable to her employer.

¶ 6    Boyd appealed the determination to a Department administrative law judge. She asserted that a licensed and practicing physician had been placed her on temporary disability, and that she

did not have the physical ability to perform her work duties. She also asserted she had sent documentation to her employer. The ALJ sent the parties a notice of hearing, requiring any documents to be entered as exhibits be faxed or mailed directly to the ALJ as soon as possible but not later than 24 hours before the hearing and sent to the opposing party. The notice required any exhibits not meeting those requirements might not be considered. The notice provided the ALJ's mailing address and fax number.

¶ 7     At the hearing, Boyd testified she worked for the USPS as a postal support employee from October 1, 2016, to February 13, 2018. When asked whether she was laid off, quit, or discharged, Boyd testified "due to an injury, *** I was temporary [*sic*] *** out of work" and, at that time, a licensed practicing physician had instructed her to stop working. Asked why she did not provide documentation from a doctor establishing she was unable to work either to her local office or with her two letters of appeal, Boyd stated she had not received "clear instructions on that" but she had a doctor's note. Boyd said she faxed the doctor's note the day before the hearing to a Department fax number, which was the fax number for the local office, not the ALJ. The ALJ then told Boyd the notice of hearing directed her to send documents directly to him and not the local office and he did not receive the doctor's note. Boyd stated she could fax "all the doctor's notes that were provided by [her] physician due to [her] injury," that she requested light-duty work from her employer, and that she was "temporarily out of adequate work."

¶ 8     Millicent Hawkins, an USPS a labor relations specialist, testified that despite multiple requests, Boyd did not submit documentation to support her absence from work. Boyd came in for an interview to discuss her absences; however, she did not submit documentation at that time either. Boyd asked Hawkins whether she had received her faxes dated February 14, March 17,

and March 21, 2018, and Hawkins stated she did not receive them, but she was not the local employer. Hawkins stated USPS sent Boyd two letters, telling her that her documentation was insufficient, and she needed to submit "appropriate documentation," and the local USPS office had not yet received the documentation.

¶ 9    After the hearing, the ALJ issued a written decision. The ALJ found Boyd had worked as a postal support employee until February 2018, when she "resigned because of medical matters," but provided no documentation from a physician indicating she was unable to work. The record reflects Boyd sent three doctor's notes and a "Work Search Record" to the ALJ after the hearing concluded, but there is no indication the ALJ received these documents.

¶ 10    The ALJ found Hawkins' testimony was credible and the evidence was insufficient to establish Boyd was subject to conditions or abuse that would have rendered the job unsuitable for her. Based on these findings, the ALJ concluded Boyd voluntarily left work without good cause attributable to the employer and therefore disqualified from receiving benefits under section 601(A) of the Act (820 ILCS 405/601(A) (West 2018)).

¶ 11    Boyd appealed the ALJ's decision to the Board. In her appeal letter, Boyd asserted she had faxed medical documentation to the Department fax number and the ALJ, she had requested "light duty work" and was released for work by her physician. Attached to her appeal letter were three doctor's notes. One note, dated March 21, 2018, was signed by Dr. Aleksandr Goldvekht. It stated Boyd was under his care for whiplash and hand injuries and, if she had a "flair up" between February 21, 2018 and April 18, 2018, Boyd "[was] able to take [one to three] days off work." It appears this was the note Boyd sent to the local office, not the ALJ, the day before the telephone hearing.

¶ 12    Another note, dated April 10, 2018, from APM Surgical Group and signed by an unidentified person, stated Boyd was under care for lumbar facet syndrome, had a procedure scheduled for April 14, or April 16, 2018, was "recommended not to return to work," and would be re-evaluated on April 16, 2018. The third note, dated March 17, 2018, signed by Dr. Goldvekht, stated Boyd was seen in his office that day for "C-L-injury" and had been placed on total temporary disability, effective March 17, 2018, through April 14, 2018.

¶ 13    The Board affirmed the ALJ's determination that Boyd was ineligible for benefits. The Board noted it did not consider Boyd's written argument or request to submit additional evidence because she had not certified in writing that she served those on her employer, in violation of the Department's rules. See 56 Ill. Adm. Code § 2720.315 (eff. May 14, 2019). The Board concluded the evidence in the record established Boyd did not leave work as a result of a physician's determination that she was unable to work. According to the Board, the March 21, 2018, doctor's note, which was before the Board, did not indicate Boyd was unable to work. Thus, Boyd failed to meet the requirements in section 601(B)(1). The Board further concluded Boyd voluntarily left work for personal reasons not attributable to her employer.

¶ 14    Boyd, a self-represented litigant, filed a complaint in the circuit court seeking judicial review of the Board's decision. Following a hearing, the court entered a written order affirming the Board's decision, which is now before us. The common law record shows Boyd filed an amended complaint after her notice of appeal and without leave of court.

¶ 15                              Analysis

¶ 16    Boyd contends the trial court erred by ruling in favor of the Department. Additionally, Boyd raises two issues which do not appear to have arisen out of the proceeding. She contends

the court erred by "not consolidating cases filed in the Chancery Division/Court for Cook County," and by granting an unidentified motion to dismiss for lack of subject matter jurisdiction and on grounds of sovereign immunity.

¶ 17    The Act provides "economic relief to employees who, through no fault of their own, become 'involuntarily unemployed.'" *Universal Security Corp. v. Department of Employment Security*, 2015 IL App (1st) 133886, ¶ 9 (quoting *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 396 (2001)). Under section 601(A) of the Act, an individual is ineligible for unemployment benefits where he or she has left work voluntarily without good cause attributable to his or her employer. 820 ILCS 405/601(A) (West 2018). Section 601(B)(1), though, says an individual is eligible for unemployment benefits where he or she voluntarily leaves after a licensed and practicing physician has deemed him or her physically unable to perform his or her work. 820 ILCS 405/601(B)(1) (West 2018).

¶ 18                           Standard of Review

¶ 19    On appeal, we review the Board's decision, and not that of the circuit court, the ALJ, or the claims adjudicator. *Universal Security Corp.*, 2015 IL App (1st) 133886, ¶ 12. "The question of whether an employee left work without good cause attributable to her employer involves a mixed question of law and fact to which we apply the 'clearly erroneous' standard of review." *Childress v. Department of Employment Security*, 405 Ill. App. 3d 939, 942 (2010) (quoting *AFM Messenger Service*, 198 Ill. 2d at 395). Under this standard, we will reverse the Board's finding that a claimant is ineligible for benefits only if the record leaves us with a definite and firm conviction a mistake has been made. *Childress*, 405 Ill. App. 3d at 942-43.

¶ 20                      Deficiencies in Boyd's Brief

¶ 21    Boyd's brief contains deficiencies under Illinois Supreme Court Rules 341 and 342, which hinder our review. First, her statement of jurisdiction does not cite the correct rule, set forth the facts which bring the case within that rule, or set forth the facts demonstrating the appeal was timely. See Ill. S. Ct. R. 341(h)(4)(ii) (eff. May 25, 2018). Second, Boyd's "Points and Authorities" do not contain citations to cases or statutes but rather refer to unrelated proceedings in Cook County and the Equal Employment Opportunity Commission. See Ill. S. Ct. R. 341(h)(1) (eff. May 25, 2018). Third, her brief does not contain a statement of facts or refer to the pages of the record. See Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). Fourth, Boyd's brief does not set forth the applicable standard of review. See Ill. S. Ct. R. 341(h)(3) (eff. May 25, 2018). Fifth, the appendix to Boyd's brief does not contain a table of contents, the judgment appealed from, the decision of the Board, the notice of appeal, or a table of contents to the record on appeal. See Ill. S. Ct. R. 342 (eff. July 1, 2017).

¶ 22    Most importantly, Boyd's brief does not contain an argument in support of her contentions or reference supportive legal authority. Rule 341(h)(7) provides that an appellant's brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). "Both argument and citation to relevant authority are required. An issue that is merely listed or included in a vague allegation of error is not 'argued' and will not satisfy the requirements of the rule." *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). Points not argued are forfeited. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018).

¶ 23    Boyd does not argue the Board's determination that she was ineligible for benefits under the Act was clear error, does not challenge any of the Board's factual findings, and does not

argue the Board's decision regarding the documents she submitted with her administrative appeal constitutes an abuse of discretion. Instead, Boyd's "argument" contains a series of factual assertions, in many instances unsupported by the record, relating to a grievance she filed with her employer, a request for light-duty work she made after she appealed the ALJ's decision to the Board, and a complaint she filed with the EEOC for breach of contract and negligence. The only statements in Boyd's brief that arguably can be characterized as an argument is that Boyd's employer submitted only "partial medical records that did not meet the requirements for 601A/B [able and a]vailable," "the records for voluntarily quit [are] wrong," and she was denied benefits under the Act. Boyd neither presents a developed argument in support of these contentions nor cites applicable authority.

¶ 24     Boyd's status as a self-represented litigant does not excuse her having to comply with the supreme court rules concerning appellate briefs. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. As a result, we have no choice but to find forfeiture, and affirm the circuit court's judgment. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (points not argued are forfeited); *Vancura*, 238 Ill. 2d at 373 (appellate court's judgment affirmed where party failed to comply with supreme court rules concerning appellate briefs, resulting in forfeiture of review).

¶ 25                              Ignoring Deficiencies, Boyd Still Ineligible

¶ 26     But, even if we were to overlook these deficiencies, we would conclude the Board's determination that she was ineligible for benefits was not clearly erroneous. The record supports the Board's finding that Boyd left work voluntarily without good cause attributable to the employer where she failed to submit any evidence that a licensed practicing physician had deemed her unable to work during the relevant time frame. See 820 ILCS 405/601(A), 601(B)(1)

(West 2018). The only doctor's note properly before the Board—the March 21, 2018, note signed by Dr. Goldvekht—did not indicate that Boyd was physically unable to perform her job duties. See *Zbiegien v. Department of Labor*, 156 Ill. App. 3d 395, 400 (1987) (affirming determination that plaintiff was ineligible where doctor's note did not indicate plaintiff was physically unable to work). The other two notes did not establish Boyd was physically unable to work at any time between her last day of employment, February 13, 2018, and March 17, 2018, when Dr. Goldvekht apparently placed her on "total temporary disability."

¶ 27    Moreover, Boyd failed to establish she did not voluntarily leave work without good cause attributable to her employer. She did not testify that her job had changed at the time she left, what specific limitations she had as a result of her injuries, or that her employer failed to accommodate her unidentified limitations. See *Zbiegien*, 156 Ill. App. 3d at 401 (plaintiff failed to prove he had good cause attributable to his employer where he did not (1) present evidence that his job had changed at time he left, (2) present evidence that his health issue was justifiable reason to terminate his employment, (3) present evidence that his employer failed to accommodate his health issue, (4) identify any specific limitations caused by his health issue, and (5) present evidence his employer failed to accommodate his health issue).

¶ 28    Accordingly, the Board's finding that Boyd was ineligible for benefits was not clearly erroneous.

¶ 29    Affirmed.